```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

BEVERLY JO JONES,                :

    Plaintiff,              :

vs.                              :   CIVIL ACTION 07-0060-WS-M

J. JERRY PILGRIM,[1] et al.,     :

    Defendants.             :

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis,* filed a typewritten Complaint titled "Petition for Partition of Properties *Tenant in Common*" (Doc. 1) and filed a Motion to Proceed Without Prepayment of Fees (Docs. 2 & 4).  Plaintiff's Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[2]  As a result of filing this Motion, the Court is screening Plaintiff's Complaint as amended and finds that the Complaint as amended fails to invoke this Court's subject matter jurisdiction.  Therefore, it is recommended that Plaintiff's Complaint as amended be dismissed with prejudice for lack of subject matter jurisdiction.

I.    <u>Nature of Proceedings</u>.

---

[1] Mr. Pilgrim is an attorney in Mobile, Alabama.  ALA. LEGAL DIRECTORY, p. 321 (2007).

[2] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge.

This action was filed on January 22, 2007, just prior to the January 31, 2007, Order in *Jones v. State of Alabama,* CA 03-0765-CB, which imposed sanctions against Plaintiff.  (Doc. 15)  Sanctions were ordered against Plaintiff because she has strained the Court's limited resources by her repeated filings of frivolous pleadings and actions.  Pursuant to the Order, in Plaintiff's closed actions, she is prohibited from filing anything after a final judgment has been entered and the time for filing an appeal has expired.  Any new action received by her must be reviewed by a judge before it is filed to ensure that pleading and jurisdictional prerequisites have been met.  If they are not met, Plaintiff's complaint will be returned to her without being filed.

Even though the present action is not covered by the sanction Order, this action is typical of the actions filed by Plaintiff that caused sanctions to be imposed against her.  In the Complaint (Doc. 1) and the subsequent "Motion to Bring in a New Defendant/Motion for a Joinder of Person" (Doc. 12), "Amendment to Pleading/Motion to Recuse" (Doc. 8), "Amended Amendment to Pleading/Motion to Recuse" (Doc. 9), and " Addendum to Petition for Partition of Properties *Tenant in Common"* (Doc. 5) (hereinafter "amendment"), Plaintiff names as Defendants J. Jerry Pilgrim, United States of America, McDonnell Knight Roedder & Sledge, L.L.C., and Grady R. Edmondson.  Plaintiff asserts in

the Complaint that jurisdiction over this action is based on 28 U.S.C. § 2409, "partition action involving the United States," which the Court is treating as the source for her assertion of federal question jurisdiction in the civil cover sheet.  The allegations in her Complaint as amended, however, are confusing and rambling.  Because they are unintelligible for the most part, the Court is setting out those allegations that appear to be related to property as it is only those allegations that are considered relevant to the alleged jurisdictional basis.  These allegations are:

> The need to quiet title, foreclose on a mortgage, partition, condemn, interplead if the subject matter jurisdiction of the district court affecting property on which the U.S. has lien which in Petitioner's claim includes the property held by Mr. Pilgrim at Riverview Plaza Office Tower, 63 South Royal Street the belongs to Petitioner that holds copyrights/patent/trademark interest which she alleges she designed and conceived to affect an enormous number of people who are participants in fraudulent and exploiting occupations that prevent the morally astute from victory over the amoral and degenerate allowances, indulgencies and illegalities of citizens prevented an education/work/income ethic and without revelation of her claims to innovations, she and all whose labor engages a lifetime of appeals toward the equality of men, remain enslaved to suppression and denied the monetary due to be decidedly directed by people who know not to waste.
>
> . . . .
>
> McDonnell Knight Roedder & Sledge, L.L.C., who represent the incorporated <u>Mobile Press Register</u>, having been allowed to take total

> control of Petitioner's lawsuit against them and one journalist in which latter case was moved through all of Alabama's appeals courts without even her presence at a hearing; and this legal group represents several drug corporations that she filed against in 2001 that caused Mr. Pilgrim to file charges verses her, whereas they have offices within Riverview Plaza Office Tower, the possibility of same domain is remote and this makes it impossible for her to gain justice or offensive action since Mr. Pilgrim has many of her documents that are required for her to re-establish ownership of her Gadsden home, needed to re-establish her place in *AL Freethought v. Roy S. Moore,* CV 95-00792 of which Mr. Pilgrim holds her original copies of that case[.]
>
> . . . .
>
> The material held by Mr. Pilgrim is in Suite 503 of the same building Petitioner has been denied access, and the U.S. Attorneys officer are located in Suite 600, McDonnell, *et al.* are in Suite 900 and the mortgage holders seem to be Presidio Hotel Group, L.L.C., California.

The other allegations in the Complaint as amended have no apparent relevance to the jurisdictional basis.  Plaintiff's other filings have not been denominated specifically as amendments to the civil complaint before the Court, *See Long v. Satz,* 181 F.3d 1275, 1280 (11th Cir. 1999) and their allegations are not connected to land.

II.  <u>Discussion</u>.

A plaintiff must establish this Court's jurisdiction in the complaint because a federal district court's jurisdiction is limited.  *Kokkonen v. Guardian Life Ins., Co.,* 511 U.S. 375, 377,

4

114 S.Ct. 1673, 1675 (1994).  Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, (citations omitted), and the burden of establishing the contrary rests upon the party asserting jurisdiction, (citation omitted)."  *Id.*  Not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated.  *Taylor v. Appleton*, 30 F.3d 1365,1367 (11th Cir. 1994); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980).[3]

Because a court is powerless to act beyond its grant of subject matter jurisdiction, a court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation.  *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001).  When a court discovers that it lacks jurisdiction over a case, "the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 409-10 (11th Cir. 1999)); *Barnett v. Bailey,* 956 F.2d 1036, 1039 (11th Cir. 1992).

The statute on which Plaintiff relies for her jurisdictional basis, 28 U.S.C. § 2409, states:

---

[3]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

> Any civil action by any tenant in common or joint tenant owning an undivided interest in **lands**, where the United States is one of such tenants in common or joint tenants, against the United States alone or against the United States and any other of such owners, shall proceed, and be determined, in the same manner as would a similar action between private persons.
>
> Whenever in such action the court orders a sale of the property or any part thereof the Attorney General may bid for the same in behalf of the United States. If the United States is the purchaser, the amount of the purchase money shall be paid from the Treasury upon a warrant drawn by the Secretary of the Treasury on the requisition of the Attorney General.

This statute does not provide a jurisdictional basis, however. *Prater v. United States,* 612 F.2d 157, 158 (5th Cir. 1980). Subject matter jurisdiction for the partition of land in which the United States is a tenant in common or a joint tenant is provided by 28 U.S.C. § 1347. *Id.* Section 1347 specifies: "The district courts shall have original jurisdiction of any civil action commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants."

According Plaintiff's Complaint as amended a liberal construction due to her *pro se* status, and treating 28 U.S.C. § 1347 as the jurisdictional basis for this action, the Complaint as amended still fails to invoke this Court's subject matter

jurisdiction because the factual allegations do not support jurisdiction under § 1347.  That is, the allegations do not show that Plaintiff and the United States are tenants in common or joint tenants in land.  *See generally Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596 (1972) ("allegations of the pro se complaint . . . [are held] to less stringent standards than formal pleadings drafted by lawyers"); *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (the Court does not have "license to serve as *de facto* counsel for a party . . ., or to re-write an otherwise deficient pleading in order to sustain an action").

   The following is a recitation of Plaintiff's allegations in the Complaint as amended that refer to property, both personal and real, but they nonetheless fall short of establishing that Plaintiff presently owns land and shares her ownership in land with the United States.  These allegations are: "re-establish ownership of her Gadsden home," "liens," and "the need to . . . partition . . . property on which the U.S. has lien which in Petitioner's claim includes the property held by Mr. Pilgrim at Riverview Plaza Office Tower. . .that belongs to Petitioner that holds copyrights/patent/trademark interests."  Furthermore, Plaintiff's allegation in her Motion to Proceed Without Prepayment of Fees (Doc. 4) reflects that she does not own land with the United States in Gadsden, Alabama.  Her Gadsden land was

lost in foreclosure in 1996 to non-governmental entities.

In view of the fact that Plaintiff has not shown that she is a tenant in common or a joint tenant with the United States, Plaintiff has failed establish this Court's subject matter jurisdiction over her action.  *Kirkland Masonry,* 614 F.2d at 533 (dismissing the action for lack of jurisdiction because the complaint failed to allege a short and plain statement of the grounds as required by Rule 8(a) of the Federal Rules of Civil Procedure).  For this reason, and because her allegations are unintelligible, the undersigned finds that her action is due to be dismissed for lack of subject matter jurisdiction.  *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 341-42 (5th Cir. 1977) (a federal claim "must be more than frivolous to support federal question jurisdiction," which can be satisfied if "there is any foundation of plausibility to the claim"), *cert denied*, 436 U.S. 946 (1978); *Dunlap v. G & L Holding Grp, Inc.*, 381 F.3d 1285, 1291-92 (11th Cir. 2004) (the federal issue must be substantial in order to confer federal subject matter jurisdiction).

Furthermore, on the civil cover sheet, Plaintiff has also marked as a basis for jurisdiction "diversity."  Diversity of citizenship jurisdiction is governed by 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  Plaintiff is a citizen of Alabama, and Defendant Pilgrim is a citizen of Alabama.  Plaintiff's failure to establish that Defendant Pilgrim, much less the other Defendants, is from a state other than Alabama precludes Plaintiff from establishing diversity of citizenship jurisdiction.  *Legg v. Wyeth,* 428 F.3d 1317, 1321 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' – the citizenship of every plaintiff must be diverse from the citizenship of every defendant.").  Accordingly, the Court finds it lacks diversity of citizenship jurisdiction over this action.

III.  Conclusion.

Based upon the foregoing reasons, it is recommended that Plaintiff's Complaint as amended be dismissed with prejudice for lack of subject matter jurisdiction.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of April, 2007.

                                           s/BERT W. MILLING, JR.
                                           UNITED STATES MAGISTRATE JUDGE